UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RICARDO R. RODRIGUEZ,

                      Plaintiff,

    - against -

                      COMPLAINT

TOYS "R" US-VALUE, INC.,

                      ECF CASE

                      Defendant.

------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This action is brought to challenge the termination of Plaintiff Ricardo Rodriguez's (hereinafter "Mr. Rodriguez" or "Plaintiff") employment by Defendant Toys "R" Us-Value, Inc. (hereinafter "Toys 'R' Us" or "Defendant"), solely because of Mr. Rodriguez's criminal record, in violation of the anti-discrimination laws of New York State and New York City. Mr. Rodriguez was employed by the Defendant as a stockperson in November 2003. Defendant terminated Plaintiff from his employment solely because of his past criminal convictions. By this action, Mr. Rodriguez seeks declaratory and injunctive relief and damages.

## PARTIES

2. Plaintiff resides at 2343 Prospect Avenue, Apt. 1B, Bronx, New York 10458.

3. Defendant Toys "R" Us is a corporation organized and incorporated under the Laws of the State of Virginia and its principal place of business is located at One Geoffrey Way, Wayne, New Jersey 07470.

## JURISDICTION

4. This is a civil action over which the Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332. This Court has jurisdiction over this action based upon diversity of citizenship, as set forth above in paragraphs 2 and 3.

5. More than $75,000 exclusive of interest and costs is in controversy in this action.

## VENUE

6. Venue is vested in the Southern District of New York pursuant to 29 U.S.C. § 1391(a), as events giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

7. Plaintiff was hired by Toys "R" Us on or about November 17, 2003 as a stockperson, and began work at Toys "R" Us on or about November 24, 2003.

8. Plaintiff worked at the Toys "R" Us store located at 24-30 Union Square, New York, New York 10003.

9. Mr. Rodriguez was hired as a seasonal associate and worked the night shift.

10. Mr. Rodriguez was informed during orientation that workers who performed well would be able to remain at Toys "R" Us beyond the term of seasonal employment.

11. On or about November 27, 2003, Mr. Rodriguez was informed that Toys "R" Us was withdrawing its offer of employment to Plaintiff because of unspecified "information received during the background investigation process."

12. When he asked the reason why he was being terminated from his employment, Defendant informed Mr. Rodriguez that the results of a criminal background check revealed Mr. Rodriguez's criminal history.

13. In 1995, at the age of seventeen, Mr. Rodriguez was convicted of manslaughter, as a result of an automobile accident. In 1997, at the age of nineteen, Plaintiff was convicted of third degree robbery. The conviction did not involve a weapon and was a class D felony.

14. Ten years have elapsed since Plaintiff's robbery conviction and he has not had any criminal involvement or problems with the law.

15. Since his incarceration, Plaintiff earned his Graduate Equivalency Diploma and has maintained paid employment.

16. On June 25, 2004, an attorney from Toys "R" Us confirmed in writing that Mr. Rodriguez's employment with Toys "R" Us was terminated because of his prior convictions.

17. In or about May 2004, Plaintiff filed a charge at the New York City Commission on Human Rights ("NYCCHR") on the basis that Defendant discriminated against him in violation of New York City Administrative Code § 8-107 (10)(a), New York State Executive Law § 296 (15), and N.Y. Corr. Law § 752. By notice of administrative closure dated July 11, 2007, the NYCCHR closed Plaintiff's case for administrative convenience.

**CLAIMS FOR RELIEF**

**UNLAWFUL DISCRIMINATORY PRACTICES UNDER NEW YORK CITY HUMAN RIGHTS LAW**

18. Under the New York City Administrative Code, § 8-107(10)(a), it is an "unlawful discriminatory practice for any person to deny . . . employment to any person by reason of his or her having been convicted of one or more criminal offenses, or by reason of finding of a lack of

'good moral character' which is based on his or her having been convicted of one or more criminal offenses, when such denial is in violation of the provisions of article twenty-three-a of the correction law."

19. Section 8-107 (10)(b) expressly provides that this prohibition is enforceable against private employers as provided in chapter five of Title 8, which, in turn, provides a private right of action to seek damages, including punitive damages, and injunctive relief for violations of the prohibitions on unlawful discriminatory practices.

20. Defendant terminated Mr. Rodriguez's employment solely because of his criminal convictions. This termination violates the New York City Administrative Code § 8-107(10)(a).

## UNLAWFUL DISCRIMINATION UNDER NEW YORK STATE HUMAN RIGHTS LAW

21. Under the New York State Executive Law § 296(15), it is an "unlawful discriminatory practice for any person, agency, bureau, corporation or association . . . to deny any license or employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of a lack of 'good moral character' which is based upon his or her having been convicted of one or more criminal offense, when such denial is in violation of the provisions of article twenty-three-A of the correction law."

22. Defendant terminated Mr. Rodriguez's employment solely because of his criminal convictions. This termination violates New York State Executive Law § 296(15).

## UNLAWFUL DISCRIMINATION UNDER
## NEW YORK STATE CORRECTION LAW

23. Article 23-A of the Correction Law provides that "[n]o application for any license or employment . . . shall be denied by reason of the applicant's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of 'good moral character' when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses . . . ." N.Y. Correction Law § 752.

24. Defendant terminated Mr. Rodriguez's employment solely because of his criminal convictions. This termination violates New York State Correction Law § 752.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Court enter a judgment:

1. Declaring Defendant's termination of Mr. Rodriguez's employment to be unlawful;

2. Enjoining Defendant to reinstate Mr. Rodriguez as a stockperson, retroactive to November 27, 2003;

3. Awarding backpay from November 27, 2003 to February 19, 2004, including prejudgment interest;

4. Awarding damages, including punitive damages, and including prejudgment interest;

5.   Awarding fees and costs pursuant to New York City Administrative Code § 8-502(f); and

6.   Granting such other and further relief as may seem just and proper in the circumstances.

Dated:  New York, New York
        September 25, 2007

                        Respectfully submitted,

*/s/ Marlen S. Bodden*

STEVEN BANKS
Attorney-in-Chief
ADRIENE L. HOLDER
Attorney-in-Charge, Civil Practice
CHRISTOPHER D. LAMB
Attorney-in-Charge, Staten Island Neighborhood Office
THE LEGAL AID SOCIETY
Employment Law Project
199 Water Street
New York, New York 10038
(212) 577-3287

By:  MARLEN S. BODDEN, Interim Supervising Attorney